**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WINECUP GAMBLE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GORDON RANCH LP, <br><br> Defendant. | 3:17-cv-00163-RCJ-VPC <br><br> **ORDER** |

This is a consolidated action for declaratory relief arising from a contract for the sale of real property. On August 30, 2017, the Court granted judgment in favor of Defendant Gordon Ranch, the buyer in a Purchase and Sale Agreement ("the Agreement") for the conveyance of certain real property owned by Plaintiff Winecup Gamble ("Winecup") in Elko County, Nevada ("the Property"). (*See* Order, ECF No. 55.) Gordon Ranch had placed $5 million of earnest money in escrow in anticipation of an April 2017 closing date, but then terminated the Agreement following severe flooding on the Property in February 2017. The dispute here centered on which party was entitled to the earnest money following the termination. The Court held that the parties' deal ended in a no-fault termination based on a casualty event, and therefore, under the terms of the Agreement, Gordon Ranch was entitled to a full refund of the earnest money. Judgment was entered on October 4, 2017. (J., ECF No. 63.)

/ / /

Now pending before the Court are two competing motions. Gordon Ranch asks the Court to enforce the judgment and compel Winecup to instruct the title company to release the earnest money. (Mot. Enforce J., ECF No. 64.) Conversely, Winecup asks for a stay of the judgment under Fed. R. Civ. P. 62(d), in order to keep the earnest money in escrow pending the resolution of its appeal to the Ninth Circuit. (Mot. Stay J., ECF No. 66.)

## I. MOTION TO ENFORCE JUDGMENT

District courts have inherent power to enforce their judgments and take measures necessary to compel compliance with their lawful orders. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008).

In its order granting judgment for Gordon Ranch, the Court plainly stated that "Gordon Ranch was entitled to terminate the Agreement pursuant to Section 14, and is now entitled to a refund of its earnest money." (Order 15, ECF No. 55.) Then in the final judgment subsequently issued, the Court ordered that "Gordon Ranch is entitled to all amounts paid on the Property and a refund of its Earnest Money and any interest earned thereon." (Civ. J. 2, ECF No. 63.) These orders provide a sufficient basis for the title company to release the escrowed funds immediately to Gordon Ranch. The Court understands, however, that the title company may be experiencing some trepidation in light of Winecup's refusal to consent to the release. Therefore, the Court clarifies that this order constitutes the "judicial directive" requested by the title company to release the escrowed funds to Gordon Ranch, subject only to the conditions stated below in the disposition of Winecup's motion for stay.

/ / /

/ / /

/ / /

## II. MOTION FOR STAY OF JUDGMENT

### a. Legal Standards

Under Federal Rule of Civil Procedure 62(d), a party taking an appeal from a district court may obtain a stay of judgment as a matter of right by posting a supersedeas bond. *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3, 17 L. Ed. 2d 37 (1966). "The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). Accordingly, the amount of the bond must be sufficient to safeguard the appellee's ability to enforce the district court's judgment in the event of an unsuccessful appeal. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required.").

Here, Winecup has not posted a bond or other security as required by Rule 62(d). Rather, Winecup argues that the $5 million already in escrow should be accepted by the Court as a satisfaction of its bond requirement under the Rule. Also, the parties disagree as to whether the judgment in this case constitutes a "money judgment" such that Rule 62(d) would even apply. "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). When considering whether to grant a stay of execution in the context of a judgment granting declaratory or injunctive (i.e., non-monetary) relief, courts are guided by four questions:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017), *reconsideration en banc denied*, 853 F.3d 933 (9th Cir. 2017), *and reconsideration en banc denied*, 858 F.3d 1168 (9th Cir. 2017), *and cert. denied sub nom. Golden v. Washington*, 138 S. Ct. 448, 199 L. Ed. 2d 331 (2017) (citation omitted). "The first two factors of the traditional standard are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

### b. Analysis

The Court finds this is not a case where the appellant is entitled to a stay as a matter of right. First, Winecup has not posted a bond or any other security to guarantee the judgment as required by Rule 62(d). Furthermore, the posting of a bond would not serve the purpose of the Rule in this case. The central purpose of the supersedeas bond is to maintain the status quo in favor of the appellee, i.e., to protect the appellee's ability to enforce the district court's judgment in the event of an unsuccessful appeal. To that end, the appellant is required to tie up his own funds in a security instrument until the appeal is concluded. Here, whether the earnest money is kept in escrow or released to Gordon Ranch, Gordon Ranch's ability to enforce its judgment is not at risk. In reality, what Winecup is attempting to do is to guarantee only its own ability, as the appellant, to collect the earnest money in full should its appeal prove successful, *without* putting up any of its own money as security. This is a distortion of the bond requirement and the intent of the Rule.

For similar reasons, the Court also finds that the judgment in this case is best viewed as nonmonetary in nature, and thus the automatic stay of Rule 62(d) is wholly inapplicable. The Court starts by noting that this was an action for declaratory relief, although that fact alone is not determinative. *See Hebert*, 953 F.2d at 938 (stating that a judgment should not be classified as a "non-money judgment" simply because it "takes the form of a declaratory judgment"). In *Hebert*, the Fifth Circuit found a declaratory judgment to be monetary because it required the

losing party, Albany Insurance Company "(Albany)", "to pay a specific sum of money." *Id.* In that case, Gretna Machine and Iron Works ("Gretna") had been found seventy percent liable for physical damage to an Exxon barge following an explosion. *Id.* at 937. Gretna then brought an action for declaratory relief to resolve a dispute between its primary insurer, INA of Texas, and its excess insurer, Albany. *Id.* In its judgment, the district court declared that Albany was liable to pay "in excess of $298,866.91." *Id.*

However, *Hebert* is distinguishable from this case. Here, the judgment does not require Winecup to pay Gordon Ranch anything. The earnest money placed in escrow was never transferred to Winecup, and Winecup has never possessed it. The judgment is not simply a money judgment for $5 million. In fact, the amount actually in escrow was entirely unimportant to the final judgment in this case, and the only reason the judgment can be "calculated with ease" or "monetized," (*see* Mot. Stay J. 3–4, ECF No. 66), is because the parties contractually agreed on a specific escrow amount of $5 million. Rather than requiring the payment of money, the judgment simply requires Winecup to release all escrowed funds back to Gordon Ranch. For this reason, the judgment is more akin to injunctive relief than a money judgment.

Turning then to the traditional stay factors, the Court finds that Winecup has failed to make a showing that it is likely to succeed on the merits of its appeal, or that it will be irreparably injured absent a stay. Indeed, Winecup has made no argument on these points, as it has only maintained that the traditional stay factors are inapplicable here. Therefore, a stay of execution for the duration of the appeal is not warranted.

However, the Court recognizes that there is always a possibility of reversal on appeal, and is not insensitive to the fact that the parties will not have certainty in this matter until its decision is finally affirmed. *See Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1085 (9th Cir. 2009). Therefore, the Court will grant a short ten-day stay of execution for the purpose of

allowing Winecup to seek relief from the Ninth Circuit under Federal Rule of Appellate Procedure 8(a)(2). Winecup's request for a stay beyond this ten-day period is denied.

**CONCLUSION**

IT IS HEREBY ORDERED that Gordon Ranch's motion to enforce the judgment (ECF No. 64) is GRANTED.

IT IS FURTHER ORDERED that Winecup's motion to stay the judgment (ECF No. 66) is GRANTED IN PART AND DENIED IN PART. The Court's order granting the motion for enforcement of judgment (ECF No. 64) is hereby stayed for a period of ten days, commencing on the date of entry of this order. If Winecup has not obtained a stay from the Court of Appeals by the expiration of the ten-day period, the title company will immediately release the escrowed funds to Gordon Ranch.

IT IS SO ORDERED. April 16, 2018.

_____
ROBERT C. JONES
United States District Judge