# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WINECUP GAMBLE, INC., | Case No.: 3:17-cv-00163-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 105 |
| GORDON RANCH, LP, | |
| Defendant. | |

Before the court is the Motion of Gordon Ranch, LP (Gordon Ranch) to Compel Subpoena Responses of Jack McElhinney (McElhinney) and Robert Hyde (Hyde) (ECF No. 105). Non-Parties Hyde and McElhinney responded separately to Gordon Ranch's Motion to Compel in ECF Nos. 110 and 111 respectively.[1] Gordon Ranch replied to the Hyde and McElhinney responses collectively (ECF No. 115). For the reasons set forth in this order, Gordon Ranch's Motion to Compel (ECF No. 105) is denied.

## **BACKGROUND**

This case, the background of which is well known to the court and parties, involves a dispute over entitlement to an earnest money deposit following the failure of the parties to consummate Gordon Ranch's attempted acquisition of ranch land owned Plaintiff Winecup.

---

[1] The Hyde and McElhinney responses were filed by counsel for Winecup Gamble, Inc. (Winecup) on behalf of Hyde and Winecup (ECF No. 110) and on behalf of McElhinney and Winecup. (ECF No. 111.)

Gordon Ranch's discovery motion, filed under Fed. Rs. Civ. P. 26, 37 and 45, seeks an order from this court compelling McElhinney and Hyde "to respond fully to subpoenas duces tecum that Gordon Ranch served upon them in this case." Gordon Ranch more specifically requested that ". . . an order compelling Hyde and McElhinney to provide full responses to Gordon Ranch's subpoenas, including a privilege log from each indicating which specific documents in his possession, custody, or control he withheld based on claims of privilege. Moreover, Gordon Ranch also requests its attorney's fees and costs incurred in filing this Motion pursuant to FRCP 37." (ECF No. 105 at 3.)

Gordon Ranch's motion was served on counsel for Plaintiff Winecup Gamble, Inc. (Winecup). The motion was *not* served on McElhinney, who Gordon Ranch identifies as Winecup's "outside general counsel," or upon Hyde, who is described as being "Winecup's outside transactional attorney." (ECF No. 105 at 1, 13.) The motion is predicated, primarily, on Hyde's and McElhinney's failure to respond to the subpoenas individually as opposed to relying on prior document productions and privilege logs produced by the company they represented (Winecup) in the Winecup-Gordon Ranch transaction. (ECF No. 105 at 8-11.) Both Hyde and McElhinney essentially claim that the documents which were sought from them were already produced by Winecup, including privilege logs attendant to those documents. (Hyde, ECF No. 110 at 6-10; McElhinney, ECF No. 111 at 3-8.) Gordon Ranch's reply reiterates its contention Hyde and McElhinney have independent duties to respond to the subpoenas and to provide their own privilege logs. (ECF No. 115.)[2]

---

[2] Gordon Ranch also argues that both Hyde and McElhinney asserted improper "boilerplate" objections and that Hyde's response was untimely. Both Hyde and McElhinney, to the extent their objections are "boilerplate" in nature, nevertheless still responded substantively to Gordon Ranch's subpoenas. (Hyde, ECF No. 105 at 39-42; McElhinney, ECF No. 105 at 43-47.) However, due to the court's conclusions that

**DISCUSSION**

The court will address the three (3) Federal Rules upon which Gordon Ranch's motion to compel is predicated.

**I.      Fed. R. Civ. P. 26**

Fed. R. Civ. P. 26 applies to *parties*. For example, the first provision of Fed. R. Civ. P. 26(a)(1)(A) on initial disclosures, and those that follow, speak to a *party's* obligation to provide information and documents. Except as to the Rule's definition of relevance (26(b)(1)), Rule 26 simply does not pertain to non-parties, such as Hyde and McElhinney.

**II.     Fed. R. Civ. P. 37**

Fed. R. Civ. P. 37 primarily pertains to parties but is occasionally applied to non-parties. *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1224 (9th Cir. 2018). Rule 37(a)(2) states that a "motion for an order to a non-party" is available to a party seeking an order compelling disclosure or discovery. However, Rule 37(a)(1) requires that notice of the Rule 37 motion must be given to "other parties and all *affected parties*." Gordon Ranch only served its notice "by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification." (ECF No. 105 at 13.) Neither Hyde nor McElhinney is registered as counsel of record in this matter. *See generally* Docket for Case No. 3:17-cv-00163-RCJ-WGC. Although Hyde and McElhinney were obviously aware of the motion inasmuch as they filed oppositions (ECF Nos. 110 and 111) to the motion to compel, nevertheless the notice requirement of Rule 37(a)(1) was not complied with.

---

the relief Gordon Ranch seeks under Rules 26, 37, and 45 is unavailable to Gordon Ranch, the court need not address the "boilerplate" objection contention.

Rule 37(a)(3) further requires a motion to compel "to a non-party must be made in the court where the discovery is or will be taken." In that regard, the response to the discovery subpoena to McElhinney was to be made in Boston, Massachusetts. (ECF No. 105 at 29-67.) The discovery subpoena to Hyde was originally served on Winecup's counsel in Reno (ECF No. 105 at 21-25; 35-36) but was subsequently re-served upon Hyde at his offices in Utah, from where his response was required. (ECF No. 110-3.) Therefore, Gordon Ranch's motion to compel should have been pursued in the appropriate district courts in Utah and Massachusetts.

Even if the court were to find Hyde and McElhinney implicitly waived the notice requirement of Rule 37, it is unlikely the place of filing of a motion to compel could be similarly implicitly waived. The Rule explicitly states the motion "*must* be made in the court where the discovery is or will be taken." Rule 37(a)(3); emphasis added. Gordon Ranch's motion was filed in the District of Nevada, and not in the districts "of compliance" (discussed further in greater detail below regarding Rule 45).

### III. Fed. R. Civ. P. 45

The subpoenas Gordon Ranch served on Hyde and McElhinney were also predicated upon Rule 45. The court will review the requirements of Rule 45.

#### A. The District of Compliance

As with Rule 37(a)(2), under Rule 45(d)(2)(B)(i), the "appropriate court" where a motion to compel to a nonparty is to be filed is in "the district where compliance is required." As to Hyde, that would be the district court in Utah, and as to McElhinney, that would be the district court in Massachusetts. While Rule 45(f) provides for a mechanism for the court of performance to transfer the discovery dispute back to the "issuing court," i.e., Nevada, under Rule 4(d)(2)(B)(i), the

4

compliance motion must nonetheless be commenced in the district(s) of performance. Gordon Ranch did not comply with Rule 45(d)(2)(B)(i) and instead filed its motion to compel in the District of Nevada, which is not in conformity with Rule 45. *P.H. Glatfelter Co. v. Windward Prospects, Inc.*, 847 F.3d 452, 455 (N. 2) (7th Cir. 2017); *Drummond Co., Inc. v. Terrance P. Collingsworth, Conrad & Schereve, LLP*, 816 F.3d 1319, 1322 (11th Cir. 2016).

### B. Service of Motion "to the commanded person"

Similar to Rule 37(a)(1), Rule 45(d)(2)(B)(i) requires a notice of a motion which seeks to compel compliance to be provided the "commanded person." Although again the court recognizes Hyde and McElhinney were aware of Gordon Ranch's motion to compel, nevertheless, both Rules 37 and 45 require notice to be given to "all affected persons" (Rule 37) and the "commanded person" (Rule 45). Gordon Ranch did not comply with this provision in Rule 45 or the corresponding provision in Rule 37.

Gordon Ranch cites *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2:14-cv-2119-RFB-VCF (6/10/2015) (2015 WL 3649623) as authority for the proposition that it is entitled to an award of attorney's fees. The court will defer addressing the matter of attorney's fees for the moment but will instead discuss how *Sprint Nextel* provides guidance to the instant matter. The underlying *Sprint Nextel* case was venued in the United States District Court for the Northern District of Georgia, from which court Rule 45 subpoenas were issued to certain third party entities doing business in Las Vegas, Nevada. The subpoenas were personally served on each third party in Las Vegas, Nevada, where they regularly conducted business. When the third parties failed to respond to the Northern District of Georgia subpoenas, Sprint Nextel properly brought its enforcement action in the District of Nevada. Unlike the pending matter, none of the third parties

5

in *Sprint Nextel* served objections, "communicated with Sprint Nextel or offered any justification for their failure to comply with the subpoenas." (*Id.*) The parties upon which the subpoenas were served failed to file any response to the *Sprint Nextel* motion to compel (*Id.* at *2), unlike this case where both Hyde and McElhinney served objections and responses.

Magistrate Judge Ferenbach, the author of the *Sprint Nextel* decision, noted the subpoenas were issued from the United States District Court for the Northern District of Georgia. The enforcement motion, however, he concluded was properly brought in the District of Nevada, the district of compliance. *Sprint Nextel, supra*, at *2-3.

The inescapable conclusion is that Gordon Ranch's motion to compel should have been brought in the district of compliance, i.e., Utah and Massachusetts. Absent an expression by Hyde and McElhinney that the enforcement action could be brought in the District of Nevada, the failure to commence its action(s) in the districts of compliance is jurisdictionally fatal to its motion in the District of Nevada. Cf. *P.H. Glatfelter Co., supra; Drummond Co., Inc., supra*.

**C.     Timeliness of Hyde Objection**

Although the court recognizes Gordon Ranch contends Hyde's objections were untimely, that conclusion is reached only if his objections to the first subpoena to Hyde was untimely (by one day). (ECF No. 105 at 21-22.) Hyde argues, however, his objections were timely because the first subpoena was not properly served on him, and it was not until the Hyde subpoena was served

6

upon him at his office in Salt Lake City did valid service occur (ECF No. 110 at 8.)[3] The court finds that Hyde's objections were timely served.[4]

Under Rule 45, once the responding party serves an objection, ". . . the nonparty is not required to produce documents, or even search for them, until the propounding party obtains an order directing compliance." *Genx Processors Mauritius Limited v. Jackson*, 2:14-cv-01938-APG-PAL (11/2/2018) (2018 WL 5777485 at *7) citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983); *U.S.S.E.C. v. Hyatt,* 621 F.3d 687, 694 (7th Cir. 2010); *Pamida, Inc. v. E.S. Originals,* 281 F.3d 726, 732 (8th Cir. 2002); *Sines v. Kessler,* 325 F.R.D. 563, 566 (E.D. La. 2018).[5] Therefore, it appears that once Hyde and McElhinney objected, nothing further would occur regarding a subpoena response until compliance was sought and ordered. In that regard, therefore, one could probably conclude the service of objections obviated the need for responses. Nevertheless, both Hyde and McElhinney responded and therefore the court will address those responses.

### D. Substantial Compliance

Sanctions may be imposed only if the nondisclosure, response or objection was not "substantially justified" (Rule 37(a)(5)(A)(ii)) or as to a party who failed "without adequate excuse to obey the subpoena . . ." (Rule 45(g)). To obtain sanctions under Rule 37, the motion has to be

---

[3] It was telling that Gordon Ranch references a "subpoena package" to Hyde (Gordon Ranch's Exhibit B, ECF No. 105 at 21-25) but the "subpoena package" did not include the subsequent subpoena served on Hyde at his Salt Lake City offices, which second subpoena was produced by Winecup. (ECF No. 110-3.)

[4] Gordon Ranch does not contest the timeliness of McElhinney's objections and responses. (ECF No. 105 at 5.)

[5] Alternatively, a non-party may file a motion to quash or modify. *Sines v. Kessler, supra*.

7

granted or the response which movant sought to compel had to be filed after the belated responses were forthcoming. Even then, if the opposing party's nondisclosure, response or objection was *substantially justified*, an award of expenses under Rule 37 "must not" be ordered. Rule 37(a)(5)(A)(ii).

Similarly, under Rule 45 the court's contempt power may not be imposed unless the failure to obey a subpoena was done "without adequate excuse." Rule 45(g).

The court finds that on a substantive basis, in the context of the unusual circumstances surrounding this case, Hyde's response (and similarly McElhinney's response) that "all documents within my possession, custody or control that are responsive to Gordon Ranch's document request to Winecup have already been provided to Winecup's litigation counsel" was sufficient. (ECF No. 110-1.) Unlike *Forsythe v. Brown,* 281 F.R.D. 577 (D. Nev. 2012) (discussed below) where the subpoena's nonparty was directed to an accountant who had financial records which the opposing party had sought, both Hyde and McElhinney were attorneys for a party to the subject litigation: Gordon Ranch described McElhinney as being Winecup's "outside general counsel" and Hyde as being Winecup's "outside transactional attorney." (ECF No. 105 at 1.) As such, their files necessarily implicate the attorney-client relationship.

Winecup's litigation counsel represented that Mr. Hyde was not withholding any non-responsive document and that all of the documents Hyde might produce in response to the Gordon Ranch subpoena have already been produced. (ECF No. 110-2.) Hyde adopted Winecup's privilege log, rather than re-producing another privilege log under his name. Winecup argues persuasively that "Gordon Ranch would not gain any additional information from a separate privilege log that only contained the entries naming Mr. Hyde, as that information is easily

discernible from the privilege log already produced." (ECF No. 110 at 14.) It appears eminently reasonable to the court that Hyde and McElhinney, as transaction and outside counsel for Winecup, turned over all of their files to Winecup's litigation counsel for review of pertinent documents and subsequent production or privilege assertion, particularly as to McElhinney where the document production paralleled that served by Gordon Ranch on Winecup. (ECF No. 111-2, 3 and 4.)

The court is familiar with Magistrate Judge Cooke's decision in *Forsythe, supra.* The distinction between *Forsythe* and the instant matter is that the Forsythe's retained expert (Deane Albright, C.P.A.) did not respond at all to the subpoenas served upon him. Instead, his assumption (mistaken as it turns out) was that he could rely on Forsythe's counsel to provide a response and documents – even after the court had *specifically ordered Albright to comply*. 281 F.R.D. at 584-586 (there has been no similar order in this case). The court finds the productions/privilege log concerning the exact same documents to reflect "substantial justification" under Rule 37 or at the very least an "adequate excuse" under Rule 45.[6]

### E. The Hyde subpoena and the "flash drive"

Without reiterating everything contained in Hyde's response regarding Gordon Ranch's subpoena of Hyde's flash drive, it appears that when Hyde's client Winecup was requested to produce document regarding the transaction, Hyde had electronic searches undertaken of his files, including, apparently, matters unrelated to the Winecup-Gordon Ranch transaction. He used broad search terms. The documents which surfaced in that search, regardless of relevance or

---

[6] Judge Cooke's Report and Recommendation (ECF No. 141 on the court's docket in *Forsythe*) became the published decision at 281 F.R.D. 577. Although originally adopted in its entirety by District Judge Robert C. Jones, it was rescinded and vacated on March 18, 2012. (ECF No. 168.) For whatever reason, it appears Westlaw did not catch that the decision was vacated and the court does not fault the parties for their citation of *Forsythe*.

attorney-client privilege, were produced to Winecup's counsel. Winecup's attorneys then produced those materials to identify those which would be responsive to Gordon Ranch's request for production, exclusive of those as to which Winecup asserted privilege. Those which might be responsive, but subject to the attorney-client privilege, were identified in a privilege log. These documents were provided in Winecup's response. After Gordon Ranch served its subpoena for the flash drive, Hyde objected and advised that "all non-privileged documents on the flash drive that are responsive to Gordon Ranch document requests have already been produced." Winecup also advised that since the flash drive contained documents which were either privileged or non-responsive and contained "confidential documents from other matters," the flash drive would not be produced. Hyde adopted Winecup's production and privilege log. (ECF No. 110.)

Gordon Ranch contends that because certain Winecup insurance documents were discovered after the Winecup document production – which had not been produced – that Winecup's assertions that the "complete universe of documents" had been produced is erroneous. Thus, Gordon Ranch insists that Hyde review *all* documents on the flash drive – whether or not germane to this litigation – and provide a new privilege log as to all flash drive documents, regardless of relevance or materiality to the Winecup-Gordon Ranch transaction.

Winecup represents that its privilege log identifies all documents which pertain to Hyde were withheld on the assertion of the attorney-client privilege. (ECF No. 110 at 14.) Mr. Hyde's name appears on the log as to any documents authored or received by Hyde. (*Id.*) Winecup states "Gordon Ranch would not gain any additional information from a separate privilege log that only contained the entries naming Mr. Hyde, as that information is easily discernible from the log already produced." (*Id.*) As counsel points out, it is the client who is allowed to assert the privilege

and as such it would be inappropriate to produce a privilege log without the involvement of Winecup's counsel. (*Id.*) The court agrees.

Further, in a meet and confer conference, Winecup's counsel advised that no documents responsive to the subpoena were being withheld other than those for which the attorney-client privilege was asserted, ECF No. 110-2 at 4.

Gordon Ranch initially argued that because documents from Comstock Insurance were produced separately that were not in Winecup's production, Gordon Ranch should have access to the flash drive and all documents contained on the drive. In that regard, the subpoena sought a "copy of the flash drive, thumb drive, hard drive, etc. . . . ." (ECF No. 105 at 25; ECF No. 110-3.) Gordon Ranch's reply memorandum backtracks on this demand, stating "Gordon Ranch did not want direct access to the flash drive." (ECF No. 119 at 4.) Now Gordon Ranch just wants Hyde to prepare "an independent privilege log identifying and indexing the documents." (*Id.* at 2.) To the extent Gordon Ranch wants Hyde to either produce – or now, index – all of the documents his IT department culled out, this would be contrary to any known process where someone has to identity *all* of the documents contained within the files, not just the *relevant* or *responsive* documents. Since Winecup has produced what it claims to be all relevant documents and has produced a privilege log identifying all withheld documents, it seems repetitive and expensive for Hyde to have to duplicate that process. That Winecup may have overlooked or not produced certain materials (i.e., the Comstock files) does not give Gordon Ranch the right to wade through *all* of Hyde's documentation or to require Hyde to produce a duplicitous privilege log.

The court and the parties must heed the admonition of Fed. R. Civ. P. 1 that the Federal Rules "should be construed, administered and employed by the court and the parties to secure the

just, speedy, and inexpensive determination of every action and proceeding." The court sees little or no utility to require Hyde to re-produce the documents or to re-generate another privilege log, at likely considerable expense. *Martin v. Nevada Div. of Ins.*, No. 3:13-cv-00047-RCJ-WGC, 2014 WL 1917703 (D. Nev. 5/13/2014); In *Martin*, the U.S. District Court denied a motion to compel where counsel represented "that all information responsive to the request has already been produced." Magistrate Judges Foley and Leen have ruled similarly: *Voggenthaler v. Maryland Square, LLC*, No. 2:08-cv-01618-RCJ-GWF, 2010 WL 11579075 (D. Nev. 2010); *U.S.E.E.O.C. v. Bill Heard Chevrolet Corp.*, No. 2:07-cv-01195-RLH-PAL, 2009 WL 2489282 (D. Nev. 2009).

### F. Contempt May Be the Only Relief Available Under Rule 45

There is authority in the Ninth Circuit that the relief available to a movant under Rule 45 (for failure to respond to a subpoena) is for the court to hold the non-party in contempt. "None of the other sanctions available under Rule 37 are available against the nonparty." *Sali v. Corona Regional Medical Center*, *supra*; *Genx Processors Mauritius Limited, supra; Pennwalt Corp., supra*: "The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena is Rule 45" (788 F.2d at 494, citing the predecessor).

Therefore, it is questionable whether Rule 45 could be used as a vehicle to demand subpoena compliance. This question, however, may be academic since the court has found that Gordon Ranch's motion was not filed in the proper forum but more importantly that Hyde and Winecup's responses are deemed to be satisfactory.

///

///

### III.    Attorney's Fees

Obviously, inasmuch as Gordon Ranch's motion is denied, the court will deny Gordon Ranch's request for attorney's fees.

Nonparties Hyde and McElhinney (along with Winecup) request for attorney's fees (Hyde, ECF No. 110 at 15-6; McElhinney at ECF No. 111 at 8-9). Rule 37(a)(5)(B) states that if a motion to compel is denied, "the court . . . *must*, after giving an opportunity to be heard, require the movant to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." (emphasis added)

The court will discuss whether Winecup should be awarded attorney's fees at the hearing scheduled for Gordon Ranch's motion on Wednesday, February 19, 2020. Gordon Ranch and Winecup shall file a memorandum with the court no later than close of business on **Tuesday, February 18, 2020**. The memoranda, which shall not exceed five (5) pages each, will only address the propriety of awarding attorney's fees and costs, not the amount of attorney's fees, if any, and if so, to whom.

**IT IS SO ORDERED**.

Dated: February 12, 2020.

*[signature]*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE