1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8   WINECUP GAMBLE, INC., a Nevada
    corporation,
9
10                      Plaintiff,                    Case No. 3:17-CV-00163-RCJ-WGC

11   vs.                                              **ORDER**

12   GORDON RANCH, LP, a Texas limited
     partnership,
13                      Defendant.

14          Defendant moves for sanctions against Plaintiff alleging that its agents spoliated valuable

15   electronically stored information (ESI). The Court finds that the agents did intentionally spoliate

16   ESI vital to the issues of this case, which resulted in prejudice that can only be cured through

17   dispositive rulings in Defendant's favor. Accordingly, the Court enters such a sanction and closes

18   the case.

19                                **FACTUAL BACKGROUND**

20          In October 2016, the parties entered into a detailed seventeen-page agreement, where

21   Plaintiff was to sell a ranch property in Northern Nevada to Defendant. (ECF No. 34 Ex. A.) As

22   part of the agreement, Defendant deposited a million dollars of earnest money in escrow. (*Id.*) The

23   parties subsequently signed a three-page amendment to the agreement that changed the closing

24   date and increased the earnest money to five million dollars. (ECF No. 34 Ex. B.)

The original terms of the agreement contained a comprehensive risk-of-loss provision. Under the provision, Plaintiff bore the risk of loss until closing, where, in the case of casualty loss before closing, Defendant had the option to take the property as-is with insurance proceeds or to reject the property and take back its earnest money. (ECF No. 34 Ex. A at ¶ 14.) However, without reference to that section, the amendment contained the clause: "Notwithstanding anything to the contrary in the Agreement, the Earnest Money, as increased by the Additional Earnest Money, shall be nonrefundable under all circumstances other than a default by Seller." (ECF No. 34 Ex. B at ¶ 2.)

In February 2017, after executing the amendment and before the closing date, substantial flooding damaged the property. (ECF No. 34 Ex. C at ¶ 6.) Plaintiff declined to repair the property. Defendant rejected the property and demanded a return of its earnest money arguing (1) that the amendment did not change the original contract provision that placed the risk of loss on Plaintiff's shoulders and (2) that Plaintiff's interpretation of the contract provision is not a liquidated damages clause but an unenforceable penalty clause as five million dollars was not an accurate prediction of Plaintiff's damages. (ECF No. 36 Ex. 3.) Plaintiff relied on the amendment to say that the earnest money was not refundable for casualty losses. (ECF No. 44.)

The Court ruled in favor of Defendant as a matter of law finding that the contract was unambiguous in its favor. (ECF No. 55.) However, Plaintiff appealed, and the Ninth Circuit reversed and remanded holding that the intent of the parties was not clear as to whether they meant for the amendment to trump the original agreement's risk of loss language. (ECF No. 80.) As part of its holding, the Ninth Circuit noted that that the Court may consider parol evidence to resolve ambiguities in contractual language under Nevada law. (*Id.* at 4 (citing *Ringle v. Bruton*, 86 P.3d 1032, 1037).) Additionally, the Ninth Circuit did not rule on whether Plaintiff's interpretation of the contract constituted a penalty clause. (*Id.*)

After remand, the parties reinitiated discovery. (ECF No. 88.) During this period, Defendant claims to have discovered that Plaintiff's agent, Mr. Clay Worden, and its owner, Mr. Paul Fireman, deleted ESI pertinent to the factual issues of this case. (ECF No. 108.) Plaintiff asserts that Mr. Worden is merely a consultant accountant who was employed at a separate firm. (ECF No. 112.) However, Mr. Worden performed most of the negotiations for Plaintiff in reaching the agreement and amendment generating numerous emails and text messages with Mr. Fireman and others that allegedly no longer exist as well as other lost ESI. (*Id.*)

Plaintiff conducted a deposition of Mr. Worden subpoenaing all of his documents (including ESI) regarding discussions of the sale of ranch and amendments, the damage to the property, the repairs of the property, breakage of dams, and insurance information. (ECF No. 107 Ex. C.) However, Mr. Worden did not produce any ESI from his devices and admits that the ESI was lost from his electronic devices. (ECF No. 107 Ex. A 43:2–7.) He claimed that Plaintiff orally instructed him to preserve his ESI, (*Id.* at 48:8–13), and that he told his IT department to preserve the relevant ESI (*Id.* at 44:8–14). Nevertheless, Mr. Worden claims that he does not have the emails anymore as a result of a company policy to not preserve emails (*Id.* at 43:14–25), upgrading to a new computer during this time (*Id.* at 44:19–45:1), inappropriate backup settings (*Id.* at 46:19–22), or some combination of these factors.

Additionally, in Mr. Fireman's deposition, he said that he spoke to Mr. Worden about the contract and amendment through personal meetings, telephone calls, text messages, and emails. (ECF No. 107 Ex. B at 23:14–21.) However, they do not currently have these texts messages, and Mr. Fireman admitted that no one had searched his phone to attempt to preserve the text messages. (ECF No. 117 Ex. L at 62:23–63:19.)

Presently, Defendant moves for sanctions against Plaintiff alleging that Mr. Worden and Mr. Fireman, acting as Plaintiff's agents, spoliated the ESI. (ECF No. 108.) Specifically,

Defendant requests that this Court dispositively rule in its favor for its claims in the case. (*Id.*) In the alternative, Defendant further requests that the Court prevent Plaintiff from relying on any evidence or testimony from Mr. Worden or give the jury an instruction that the deleted evidence is adverse to Plaintiff's claims and defenses. (*Id.*)

Plaintiff argues against sanctions asserting the following defenses: First, the deletions did not amount to any deprivation of evidence to Defendant claiming that it has produced all of the material, non-privileged ESI through other sources in spite of the deletions. (ECF No. 112.) Second, Defendant has not established that the deletions occurred prior to a duty to preserve ESI. (*Id.*) Third, Plaintiff took reasonable steps to prevent the deletions. (*Id.*) Fourth, there was no prejudice to Defendant. (*Id.*) Fifth, the ESI was deleted without the intent to deprive Defendant of evidence. (*Id.*)

## LEGAL STANDARD

As of December 2015, Federal Rule of Civil Procedure 37(e) provides the specific—and only[1]—basis for sanctions for spoliation of ESI, which was substantially amended to accommodate advances in technology and provide uniformity among the circuits. To succeed on this motion, the moving party must prove the following three elements:

1. The nonmoving party should have preserved the ESI in the anticipation or conduct of litigation.

2. The nonmoving party lost the ESI because it failed to take reasonable steps to preserve it.

3. Additional discovery cannot restore or replace the ESI.

---

1 Defendant also moves for sanctions under the Court's inherent authority. However, the Advisory Committee Notes make clear that the 2015 amendment forecloses a court from imposing sanctions for spoliation of ESI under that basis. *Newberry v. Cty. of San Bernardino*, 750 F. App'x 534, 537 (9th Cir. 2018) (holding that the 2015 amendment to Rule 37(e) "foreclose[d] reliance on inherent authority" for sanctioning spoliation of ESI) (quoting Fed. R. Civ. P. 37 Advisory Committee Notes to the 2015 Amendment).

Fed. R. Civ. P. 37(e). The first element incorporates the common-law rule that imposes a duty to preserve evidence in litigation and when litigation is reasonably foreseeable. Fed. R. Civ. P. 37 Advisory Committee Notes to the 2015 Amendment; *see Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 981 (9th Cir. 2009). Second, the rule requires that the party takes reasonable steps to preserve the ESI—not perfection. Fed. R. Civ. P. 37 Advisory Committee Notes to the 2015 Amendment. Third, the rule acknowledges that ESI is often stored in many formats on many systems contemporaneously, so the deletion of ESI on one medium may result in no loss of information, when the ESI is producible by other means. *Id.*

When a moving party satisfies these three prerequisites, two kinds of sanctions are available, but each requires proof of an additional element. Fed. R. Civ. P. 37(e). On the one hand, if the spoliation prejudiced the moving party, then the Court may order measures no greater than necessary to cure the prejudice. *Id.* On the other hand, harsher sanctions are available if the moving party shows that the nonmoving party acted with the intent to deprive the moving party of the information's use in the litigation, then the Court may (1) presume that the lost information was unfavorable to the party, (2) instruct the jury that it may or must presume the information was unfavorable to the party, or (3) dismiss the action or enter a default judgment. *Id.*

## ANALYSIS

Applying this test, the Court finds that Defendant has satisfied its burden. First, the evidence shows that the ESI was deleted after a duty arose to preserve it. A reasonable party would have foreseen litigation on the horizon as soon as the parties began exchanging communications expressing their competing interpretations of the contract and the amendment. And such communications took place shortly after the flood on February 21, 2017. (*See, e.g.*, ECF No. 33 Ex. 4 (Letter between counsel noting a telephone conversation on February 21, 2017 between counsel discussing their legal positions).) The duty to preserve commenced at least by this date.

With this expeditious timeframe, Defendant has shown that the ESI was deleted after the duty arose to preserve the ESI. While, Mr. Worden claimed that, "I could have deleted those e-mails right after the conversation," (ECF No. 107, Ex. A at 43:24–25), he also admits that the emails could have been deleted later by receiving a new computer or by failing to change his backup setting (*Id.* at 44:19–45:1, 46:19–22). Nonetheless, even if Mr. Worden deleted the emails immediately after receiving them, the facts show that he was still producing ESI regarding this case after the duty to preserve arose. (*See, e.g.*, ECF No. Ex. H at 1 (Privilege Log noting that Mr. Worden sent an email with the Bates Number "REV00000041" summarized as "Email re response to Margaret Ludewig" dated March 6, 2017.)

Second, Defendant has shown that Plaintiff failed to take reasonable steps to preserve the ESI after the duty arose to preserve it. Plaintiff admits that the sole action they took was to inform Mr. Worden to preserve relevant documents, who then relayed this message to his IT department at his accounting firm. (ECF No. 112, 2:15–22.) It argues that alone is sufficient grounds for showing that it performed reasonable steps to preserve the ESI—it is not.

Defendant aptly analogizes to a Southern District of New York case that predates the 2015 amendment, but which this District has relied on subsequent to the amendment. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004); *see Mizzoni v. Allison*, 2018 WL 3203623 at*5 (D. Nev. 2018) (citing to *Zubulake*). In *Zubulake*, the court held that it was insufficient for a party to send a litigation hold letter to an IT department without ensuring that "all relevant information (or at least sources of relevant information) is discovered," "that relevant information is retained on a continuing basis," and "that relevant nonprivileged material is produced to the opposing party." *Zubulake*, 229 F.R.D. at 432. The Court agrees with this case and holds that the 2015 amendment did not lessen Plaintiff's burden. Accordingly, Plaintiff did not perform reasonable steps to preserve the information.

Third, some of the lost ESI is not attainable through additional discovery. Despite Mr. Worden's prominent role with Plaintiff and with this deal in particular, Mr. Worden has not produced any ESI from his devices to Defendant. (ECF No. 107 Ex. A, 45:18–46:13.) Plaintiff admitted that Mr. Worden was the principal negotiator in forming the deal resulting in some text messages between him and Mr. Fireman. (ECF No. 107 Ex. B, 22:14–21.) And, neither Mr. Fireman nor Mr. Worden are able of producing these text messages.

Additionally, Plaintiff has not produced any of Mr. Worden's accounting work papers, which is relevant to Defendant's case and covered by Defendant's subpoena. Specifically, the accountings of Plaintiff's ranch are pertinent to whether Plaintiff's interpretation of the contract amounts to an unenforceable penalty. The clause would be an enforceable liquidated damages provision if the amount was a good faith effort to estimate the actual damages, but an unenforceable penalty if the amount is disproportionate to the actual damages sustained. *Mason v. Fakhimi*, 865 P.2d 333, 335 (Nev. 1993) (citing *Haromy v. Sawyer*, 654 P.2d 1022, 1023 (Nev. 1982). Some of the most important evidence for this inquiry would be the work papers of Plaintiff's accountant, Mr. Worden, who no longer has any ESI on his devices regarding this case.

Fourth, Defendant has shown that Plaintiff acted with the intent to deprive Defendant of the information. While Plaintiff claims that it orally informed Mr. Worden to preserve ESI, this is woefully inadequate as discussed above, but evinces that Plaintiff and Mr. Worden knew they had a duty to preserve the ESI. (ECF No. 107 Ex. A, 47:2–6.) However, Plaintiff did nothing more than orally inform their chief negotiator and accountant to preserve the ESI, and Mr. Worden allowed his computer to be upgraded without backing up his information and did not suspend his company's aggressive deletion policy and backup settings to accommodate his duty to preserve evidence. (ECF No. 107 Ex. A 44:19–45:1.) These facts are sufficient for the Court to draw an inference that Mr. Worden acted intentionally.

Since, the Courts finds intentionality the harsher sanctions of Fed. R. Civ. P. 37(e)(2) are available. Given the nature of the lost ESI, the Court finds that it must give the harshest sanction of a case dispositive ruling. A presumption that the lost information was unfavorable to Plaintiff or an adverse jury instruction would not sufficiently cure Defendant's prejudice. Plaintiff advocated for and successfully obtained a remand from the Ninth Circuit instructing this Court to comb through the parol evidence to determine the intent of the parties regarding the objective interpretation of the contract—the very information that its primary negotiator ought to possess. Additionally, the Ninth Circuit left open the Defendant's claim that the Plaintiff's interpretation amounts to an unenforceable penalty clause. The most relevant evidence for these determinations would again be Mr. Worden's lost ESI. Therefore, the Court finds that only the drastic case dispositive sanctions are appropriate in this case.

The Court dismisses Plaintiff's complaint and enters judgment in favor of Defendant on its counterclaim. Defendant shall receive the return of its five million dollar earnest money with interest. The Court does not presently address the request for attorney's fees.

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF NO. 107) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that default judgment is entered in favor of Defendant's Counterclaim of Declaratory Relief (ECF No. 31).

IT IS FURTHER ORDERED that all other motions are DENIED AS MOOT.

IT IS FURTHER ORDERED that the clerk of the court shall close this case.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge